EXHIBIT "A"
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANA PENA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   CASE NO.: 1:11-cv-00109-C |
| | ) |
| WAFFLE HOUSE, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

Defendant WAFFLE HOUSE hereby proposes the following Protective Order:

1. When used in this Order, the following words shall have the following meanings:

(a) "Documents" means (1) all written, recorded, or graphic matter whatsoever and information produced on computer disks or tapes--including all "writings" as the term is defined by Rule 1001(1) of the Federal Rules of Evidence and (2) any copies, reproductions, or summaries of the foregoing--including, but not limited to, microfilmed, imaged, or electronic copies.

(b) "Confidential Documents" means documents which are reasonably deemed by Waffle House to be confidential or sensitive--including, but not limited to sales information, costs, budgets, customer lists and data, distributor lists and agreements, employee handbooks, policy manuals, operation manuals, financial data, identity of suppliers, trade secrets, confidential research, business plans, strategies and data, marketing plans and strategies, and any other confidential or proprietary information not shared or disclosed to third parties is of a confidential and proprietary nature, employee contracts, policies, procedures, training materials, pricing materials, and receipts; all records kept by Waffle House in its usual course of business


regarding current or former Waffle House employees who are not parties to this litigation, including but not limited to all notes, memoranda, correspondence, recordings, photographs, e-mails, investigations, employment applications, termination notices, reprimands, training materials, written examinations, annual reviews, drug screenings, accident reports, background checks, and any other item pertaining to any current or former Waffle House employee who is not a party to this litigation.

(c) "Producing Party" means any party or third person producing Confidential Documents, whether pursuant to the *Federal Rules of Civil Procedure*, by subpoena, or by agreement.

(d) "Disclose" (and any variant thereof) means to show, give, make available, reproduce, or communicate any Confidential Documents, or any part or content thereof.

(e) "Attorneys of Record" means attorneys for any of the parties to this action, members of the firm of the attorneys for the parties, and in-house attorneys who are employed by one or more of the parties.

2. Except with respect to the original Producing Party, any production of Confidential Documents shall be used solely for the purposes of this litigation and shall not be used by any party for any other purpose, including, without limitation, any business or commercial purpose.

3. Confidential Documents shall not be Disclosed to any person or entity except in accordance with the terms, conditions and restrictions of this Order. Subject to the terms, conditions and restrictions of this Order, Confidential Documents may be Disclosed *only* to the following persons and *only* to the extent such persons have a legitimate need to know the particular Confidential Documents Disclosed to them: (a) Persons employed by the Court and

jury in connection with the handling of this action; (b) The Parties and Attorneys of Record; (c) Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record; (d) Current employees, officers, partners or directors, representatives, and agents of the Parties; (e) Former employees, officers, partners or directors of the Parties; (f) Outside experts or consultants; (g) Certified shorthand reporters and videotape operators for the purposes of recording the testimony of deposition witnesses and preparing a written or videotaped record of such testimony; (h) Independent copying services, independent computer consulting and support services, independent translators, independent exhibit makers, and other independent litigation support services retained for purposes of this litigation; (i) Any person who is the author or addressee of any Document or a person who, as a matter of record, has actually received any Document designated as a Confidential Document, other than through discovery or through attorney-client communications relating to litigation or legal advice; and (j) Any other person who is designated by written stipulation of the parties to have access to Confidential Documents, or (k) by order of the Court after notice to all parties upon a showing of good cause why such person shall be so designated, and opposing parties have had an opportunity to be heard in opposition thereto.  Before disclosing any Confidential Documents to any person specified in paragraphs 4(d), (e), (f), (i) and (j) above, discovering counsel shall advise said persons of this Order, and said persons must agree in writing to the Non-Disclosure Agreement attached hereto as Exhibit A.1.  Each party shall maintain a file containing such certifications and upon good cause found by the Court, forward those certifications to the Producing Party.

    4.    By making any such Confidential Documents available during the course of this litigation, the Producing Party does not waive any confidential protection that might otherwise be afforded over those materials.  Furthermore, by designating any Documents as "Confidential

Documents," the parties do not acknowledge that any such Confidential Documents are relevant or discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively, to resist discovery of, any material in this action. This Order is without prejudice to any party's right to assert the attorney-client, work-product, or other privileges or doctrines.

5. Nothing in this Order shall be construed as (a) preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party, or (b) as preventing a party from continuing to use any information known or used by it if such information is lawfully obtained by the party, other than through discovery of a non-Producing Party. Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known, or claiming that such information was lawfully obtained other than through discovery of a non-Producing Party.

6. The parties agree to consider all documents produced prior to the entry of this Protective Order stamped as "Confidential," or designated Confidential by similar means, as Confidential Documents.

7. The parties agree that should there be a dispute as to whether a document is "Confidential," they reserve their right to seek Court intervention to resolve such dispute. The parties agree that any document as to which the confidentiality is disputed will be treated as "Confidential" pending resolution of the dispute by the Court.

APPROVED AND SO ORDERED ON THIS THE 22nd DAY OF AUGUST, 2011.

U. S. DISTRICT COURT JUDGE

## EXHIBIT "A.1"
## NON-DISCLOSURE AGREEMENT

I, _____, hereby certify my understanding that Confidential Documents are being provided to me pursuant to the terms and restrictions of an Order entered by the United States District Court for the Southern District of Alabama, in connection with an action entitled *Jana Pena v. Waffle House,* Case No.: 1:11-cv-00109-C.

I further certify that I have been provided a copy of and have read the Order and hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable as contempt of Court.

DATED:_____                    _____
                                          SIGNATURE

8